UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                *Plaintiff*,

-against-

FREDERICK ISAAC,

                *Defendant*.

22-CR-498 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Defendant Frederick Isaac has filed a *pro se* motion requesting compassionate release and sentence reduction under 18 U.S.C § 3582(c)(1)(A). For the following reasons, it is denied.

## BACKGROUND

    On July 30, 2024, Mr. Isaac pled guilty to one count of Hobbs Act Robbery, 18 U.S.C. § 1951(a), and one count of Possessing a Firearm During a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 73. On August 1, 2024, I sentenced Mr. Isaac to a term of imprisonment of 87 months followed by four years of supervised release. Judgment, ECF No. 74. Mr. Isaac is currently serving his sentence at Federal Correctional Institution Coleman, located in Florida.

    On November 19, 2025, I received a handwritten, single-page request from Mr. Isaac for compassionate release and sentence reduction under 18 U.S.C. 3582(c)(1)(A). *See* Letter Mot., ECF No. 82.

## DISCUSSION

    The standard for review of a motion for compassionate release pursuant to 18 U.S.C. § 3582 is well established. A court may grant compassionate release to an inmate if the inmate has exhausted his administrative remedies by requesting compassionate release from his warden, and

if there are "extraordinary and compelling reasons" warranting a reduced sentence. 18 U.S.C. § 3582(c)(1)(A)(i). District courts are "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). If a court concludes that the petitioner has presented "extraordinary and compelling reasons" for compassionate release, it must also weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding compassionate release. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Even if the court concludes that the petitioner has not presented the requisite extraordinary and compelling reason for compassionate release, the Second Circuit has recommended that the court should also assess if the 3553(a) sentencing factors weigh in favor of granting compassionate release. *See United States v. Jones*, 17 F.4th 371, 374–75 (2d Cir. 2021).

While Mr. Isaac's submission does not suggest that he has exhausted his administrative remedies and first requested compassionate release from his custodial warden, I will assume for purposes of this order that he has already made an administrative request for compassionate release. However, Mr. Isaac presents no argument in his letter that there are "extraordinary and compelling reasons" for his release. His letter consists of only three sentences: that he is "filing this motion on the behalf of compassionate release/sentence reduction," "motion for . . . sentences enhancement on prior conviction," and "motion for [relevant] conduct, state criminal history, points enhancements, [and] past criminal history." Letter Mot. at 1. None of these statements can be construed to suggest that there are exceptional circumstances that would justify compassionate release at this time.

Even if Mr. Isaac had identified exceptional circumstances, the § 3553(a) factors—which include the nature and circumstance of the offense, the defendant's history and characteristics, and

2

the need for the sentence imposed—do not support his early release. Mr. Isaac's reference to "[relevant] conduct, state criminal history, points enhancements, past criminal history" and "sentences enhancement on prior conviction" can be construed as an argument that the § 3553(a) sentencing factors weigh in favor of relief because the seriousness of his criminal history was overstated at sentencing. Letter Mot. at 1. During sentencing, I observed that a Criminal History Category of V was appropriate in calculating his sentencing guidelines range because "[f]rom his original crimes at the age of seventeen, his crimes have continued unabated during any period of time he has not been imprisoned, up to the time of his most serious current crimes of conviction." Sentencing Tr., ECF No. 75-1 at 18:15–18:20. Balancing all the § 3553(a) factors, including the difficult conditions of defendant's confinement in the Metropolitan Detention Center, I concluded that a sentence of 87 months was appropriate. *Id.* at 18:21–19:12. Notably, this sentence was below the advisory guidelines range. *Id.* at 19:7–19:12. Nothing changes my analysis of the § 3553(a) factors today. *See Keitt*, 21 F.4th at 71 ("[T]he inmate must demonstrate that . . . in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed."). Mr. Isaac has only served about one-quarter of his prison term and principles of appropriate punishment and deterrence weigh against his early release. I conclude that a reduction in Mr. Isaac's sentence is not justified.

## CONCLUSION

Mr. Isaac's November 19, 2025 motion for compassionate release is denied.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: November 20, 2025
      Brooklyn, New York